**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHARLES WILLIAMS,

     Petitioner,                          Civil No. 04-75041-DT
                                        HONORABLE DENISE PAGE HOOD
v.                                 UNITED STATES DISTRICT JUDGE

JAN TROMBLEY,

     Respondent,

_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE

Charles Williams, ("Petitioner"), presently confined at the Pine River Correctional Facility in St. Louis, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his state court conviction for one count of involuntary manslaughter, M.C.L.A. 750.321; and one count of felony-firearm, M.C.L.A. 750.227b. Petitioner has now filed a motion to stay and hold in abeyance his petition for a writ of habeas corpus, on the ground that he wishes to return to the state courts to file a post-conviction motion for relief from judgment in order to exhaust claims which have not yet been presented to the state courts. For the reasons stated below, the Court will allow petitioner to voluntarily withdraw his habeas petition. However, instead of dismissing the petition without prejudice, the Court will stay the proceedings under the terms outlined below in the opinion to permit petitioner to complete the exhaustion of his

claims in the state courts, failing which the petition shall be dismissed.  The Court will also administratively close the case.

## I.  DISCUSSION

Petitioner is essentially moving to voluntarily dismiss his habeas petition without prejudice, in order to seek post-conviction relief in the state courts. Fed.R.Civ.P. 41(a)(2), the civil procedure rule governing voluntary dismissals, applies to federal habeas proceedings. *Doster v. Jones*, 60 F. Supp. 2d 1258, 1259 (M.D. Ala. 1999).  In this case, petitioner is entitled to a voluntary dismissal of his habeas petition because there is no evidence that the respondent will suffer some plain prejudice from the dismissal other than the prospect of a second habeas petition later on. *Id.* at 1260.  The Court also notes that subject to certain exceptions, the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) permit a person who is in custody pursuant to a state court judgment to bring only one habeas petition challenging that state court judgment on the merits. *See* 28 U.S.C. § 2244(b).  In determining whether or not a habeas petitioner is entitled to voluntarily dismiss his habeas petition without prejudice, federal courts must "ensure that the petitioner's ability to present claims of constitutional violations is not abridged merely because the petitioner has unwittingly fallen into a procedural trap created by the intricacies of habeas corpus law." *See Clark v. Tansy,* 13 F. 3d 1407, 1409 (10th Cir. 1993).  In this case, petitioner will be allowed the opportunity to voluntarily withdraw his habeas petition to avoid unintentionally exhausting his right to petition for habeas

relief on other grounds after he returns to the state courts to exhaust any additional claims. *See Cook v. New York State Div. Of Parole,* 321 F. 3d 274, 282 (2nd Cir. 2003).

The Court is well aware that a habeas petitioner should not be permitted to thwart the limitations on the filing of second or successive habeas petitions by withdrawing his first habeas petition "as soon as it becomes evident that the district court is going to dismiss it on the merits." *See Felder v. McVicar,* 113 F. 3d 696, 698 (7th Cir. 1997).  Unlike the habeas petitioner in *Felder,* petitioner filed this motion prior to any decision being rendered by the Court.  There is no indication that petitioner's motion was filed in bad faith.

The Court's only concern in dismissing the current petition involves the possibility that petitioner might be prevented under the one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for writ of habeas corpus following the exhaustion of these issues in the state courts.  The filing of a federal habeas corpus petition does not trigger 28 U.S.C. § 2244(d)(2) to suspend the running of the one-year statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 172 (2001).  However, the Supreme Court's decision in *Duncan* did not preclude federal district courts from "retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies", or from "deeming the limitations period tolled for [a habeas] petition as a matter of equity." *Id.* 533 U.S. at 182-83 (Stevens, J., concurring). *See also Palmer v. Carlton,* 276 F.

3d 777, 780-81 (6th Cir. 2002)(implicitly adopting Justice Stevens' recommended course of action).

In this case, the outright dismissal of the petition, albeit without prejudice, may result in preclusion of consideration of the petitioner's claims in this Court due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2244(d)(1).  A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998).  However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002).  A common circumstance calling for abating an unexhausted habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002).

In order to avoid petitioner being time-barred from seeking habeas relief following his return to the state courts, the Court will hold the present petition in abeyance and will allow petitioner to seek post-conviction relief in the state courts. This tolling is conditioned upon petitioner initiating his state post-conviction remedies within sixty days of receiving this Court's order and returning to federal court within sixty days of completing the exhaustion of his state court post-conviction remedies. *Id.; Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

## II.  ORDER

**IT IS HEREBY ORDERED** that the motion to hold the petition for writ of habeas corpus in abeyance **(Docket No. 6, filed February 23, 2005)** is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner may file a motion for relief from judgment with the state court within **sixty (60) days of receipt of this Court's order.**  The case shall be held in abeyance pending the petitioner's exhaustion of the claims.  The petitioner shall file a Motion to Reopen his habeas petition within 60 days after the conclusion of the state court post-conviction proceedings.

**IT IS FURTHER ORDERED** that the Motion for Extension of Time to File Response to the Petition for Writ of Habeas Corpus **(Docket No. 5, filed February 28, 2005)** is **MOOT.**

**IT IS FURTHER ORDERED** that this Petition is **ADMINISTRATIVELY CLOSED** only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

s/ DENISE PAGE HOOD
**HON. DENISE PAGE HOOD**
**UNITED STATES DISTRICT COURT**

**DATED:   August 2, 2005**