UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES WILLIAMS,

    Petitioner,                                    Civil No. 04-75041-DT
                                                   HONORABLE DENISE PAGE HOOD
v.                                                 UNITED STATES DISTRICT JUDGE

JAN TROMBLEY,

    Respondent,
_____/

**OPINION AND ORDER GRANTING MOTION TO REOPEN HABEAS PETITION, GRANTING THE MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING THAT THE AMENDED PETITION BE SERVED UPON THE RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL, AND ORDER DIRECTING RESPONDENT TO FILE AN ANSWER AND THE RULE 5 MATERIALS IN THIS CASE.**

On August 2, 2005, this Court entered an opinion and order granting petitioner's motion to hold his habeas petition in abeyance to allow petitioner to return to the state courts to exhaust additional claims that he had failed to exhaust his state court remedies prior to filing his habeas petition. The Court also administratively closed the case. Petitioner has now filed a motion to reopen his petition for writ of habeas corpus upon the following the exhaustion of his claims. Petitioner has also filed a motion to amend his habeas petition. For the reasons stated below, the motion to reopen the habeas petition is **GRANTED**. The Court will also **GRANT** the motion to amend the habeas petition. The Court will further order that the Clerk of the Court serve a copy of the amended petition for writ of habeas corpus upon respondent and the Michigan Attorney General's Office by first class mail. The

1

Court will further order the respondent to file a responsive pleading to the amended petition and the Rule 5 materials within **sixty (60)** days of the Court's order.

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner. *See Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998); *Parisi v. Cooper*, 961 F. Supp. 1247, 1249 (N.D. Ill. 1997). Because petitioner is now alleging that his claims have been exhausted with the state courts, his petition is now ripe for consideration. Accordingly, the Court will order that the original habeas petition be reopened.

The Court will also grant petitioner's motion to amend his habeas petition. The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F. 3d 680, 686 (8th Cir. 1999); *citing to* Fed.R.Civ.P. Rule 15. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F. 3d 320, 341-342 (6th Cir. 1998).

The Court will permit petitioner to amend his petition, because there is no indication that allowing the amendment would cause any delay to this Court nor is there any evidence of bad faith on petitioner's part in bringing the motion to amend or prejudice to respondent if the motion is granted. *See Gillette v. Tansy*, 17 F. 3d 308, 313 (10th Cir. 1994). Additionally, because petitioner has filed this motion to amend the petition before the Court has adjudicated the issues in his petition, the motion to amend should be granted. *Stewart v. Angelone*, 186 F.R.D. 342, 343 (E.D. Va. 1999). Accordingly, the Court will permit

petitioner to amend his petition.

The Court will further order that the Clerk of the Court serve a copy of the amended habeas petition and a copy of this Order on Respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4.  The Court will further order that the Clerk of the Court serve a copy of the habeas petition and a copy of this Order on Respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. *See Coffee v. Harry,* 2005 WL 1861943, * 2  (E.D. Mich. August 2, 2005).

The Court will also order the respondent to file a response to the amended habeas petition within sixty days of the Court's order.  A habeas corpus petitioner who challenges the legality of his state custody is entitled to reasonably prompt disposition of his petition. *Ukawabutu v. Morton*, 997 F. Supp. 605, 610 (D.N.J. 1998).  This Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to petitioner's habeas petition. *Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243.

The Court will also order respondent to provide this Court with the Rule 5 materials at the time that it files its answer.  The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.  An appropriate response to a

habeas petition is an answer which responds to each allegation contained in the petition and which attaches copies of the relevant judgment of conviction, any available and relevant transcripts, and any post-conviction pleadings and decisions. *Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996).

## **ORDER**

Based on the foregoing, the motion to reopen the habeas petition to the Court's active docket [**Docket No. 13, filed July 19, 2006**] is GRANTED.

IT IS FURTHER ORDERED That Petitioner's Motion to Amend the Petition for Writ of Habeas Corpus [**Docket No. 14, filed July 19, 2006**] is GRANTED.

IT IS FURTHER ORDERED That the Clerk of the Court serve a copy of the amended petition for writ of habeas corpus and a copy of this Order on respondent and the Attorney General by first class mail.

IT IS FURTHER ORDERED that respondent shall file an answer and produce the entire state court record within **sixty (60) days** of the date of this order or show cause why they are unable to comply with the order.

IT IS FURTHER ORDERED that Petitioner's motion to reopen the habeas petition to the Court's active docket [**Docket No. 16, filed August 28, 2006**] is MOOT as it is duplicative of Petitioner's July 19, 2006 motion to reopen the habeas petition to this Court's active docket.

Dated: March 13, 2007         /s/ Denise Page Hood
                              DENISE PAGE HOOD

                                              United States District Court Judge